IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBIN FACHINI ) | Case Number |
| ) | |
| Plaintiff ) | |
| vs. ) | |
| ) | CIVIL COMPLAINT |
| CLIENT SERVICES, INC. ) | |
| ) | |
| Defendant ) | JURY TRIAL DEMANDED |

**COMPLAINT AND JURY DEMAND**

**COMES NOW,** Plaintiff, Robin Fachini., by and through her undersigned counsel, Michael E. Swain, Esquire, complaining of Defendant and respectfully avers as follows:

## I. INTRODUCTORY STATEMENT

1. Plaintiff, Robin Fachini (hereinafter "Plaintiff"), is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that the Plaintiff resides in the District.

### III.    PARTIES

4. Plaintiff, Robin Fachini, is an adult natural person residing at 1292 Church Street, North Adams, MA 01247. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Client Services, Inc. at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the State of Massachusetts and has a principal place of business located at 3451 Harry S. Truman Blvd., Saint Charles, MO 63301-4410.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV.    FACTUAL ALLEGATIONS

7. In or around the end of May, 2010, Plaintiff started to receive calls from Defendant on a debt allegedly owed on a Bank of America account.

8. During these calls, Plaintiff was told by Defendant that she owed a debt of approximately $5,412.00.

9. In the early part of June, 2010, Plaintiff informed the Defendant that she had retained the services of the law firm Persels & Associates, LLC to help aid her in her debt negotiations and asked them to please speak with their firm directly.

10. Plaintiff attempted to give the Defendant Persels contact information.

11. Defendant stated that Persels was only a debt settlement company and that there was no way that they would work with them and refused to take the information.

12. Plaintiff tried again to tell the Defendant Persels was a law firm and that they needed to call them on this matter.

13. Defendant replied that the only way she would call Persels was if the Plaintiff was filing bankruptcy.

14. On or about June 15, 2010, Plaintiff received another call from Defendant asking her if she made up her mind yet, and that she only had until June 24, 2010 to do so.

15. Plaintiff again reiterated that she was represented by Persels and that the Defendant would need to call them on this matter.

16. Defendant's agent stated that the Plaintiff had already told her that she was with Persels and that she knew that there was no such law firm.

17. Plaintiff then told the Defendant's agent the name of her assigned attorney at Persels, Andrea Collins.

18. Defendant's agent again responded that she thought the Plaintiff was lying and that she still did not believe that she had an attorney.

19. Before ending the call, Defendant's agent told the Plaintiff that she did not know what Persels was telling her but she knew for sure they were not a real law firm.

20. On or about June 17, 2010, Plaintiff received another call from Defendant.

21. Plaintiff again mentioned that she was with Persels & Associates.

22. Plaintiff also went on to try and explain that she had become legally blind and could not deal with these matters at this time.

23. Defendant's agent responded that this was not her fault that the Plaintiff was legally blind and that it is the Plaintiff's problem and it didn't mean she was getting out of paying this debt.

24. Defendant went on to tell the Plaintiff that nothing she said or did was going to stop her from calling and there was little that the Plaintiff could do about it.

25. Before ending the call, Plaintiff was informed that if she did not make a payment soon, that she would be receiving court papers.

26. On or about June 25, 2010, Defendant called Plaintiff again on this matter.

27. Plaintiff again stated that the Defendant would need to contact Persels.

28. Defendant's agent again replied that Persels is lying through their teeth about being able to help her.

29. Plaintiff was told that if she continued to avoid making a payment that the Defendant would foreclose on her home.

30. Plaintiff became frightened and asked Defendant's agent if she could really do such a thing.

31. Defendant's agent responded that yes we can and we will seize your home if you do not pay off this debt.

32. On or about June 25, 2010, Persels sent a "cease and desist" letter to the Defendant.  **See Exhibit "A" (letter) attached hereto**.

33. Plaintiff continued to receive calls from the Defendant.

34. On or about July 19, 2010, Plaintiff received yet another call from Defendant demanding payment on this debt.

35. The Defendants knew or should have known that their actions violated the FDCPA. Additionally, Defendants could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

36. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendants herein.

37. At all times pertinent hereto, the conduct of Defendants as well as their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

## **COUNT I – FDCPA**

38. The above paragraphs are hereby incorporated herein by reference.

39. At all times relevant hereto, Defendants were attempting to collect an alleged debt which was incurred by the Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

40. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of 15 U.S.C. § 1692:

> § 1692c(a)(2): After it knows the consumer to be represented by an attorney

> § 1692c(c): After written notification that consumer refuses to pay debt, or that consumer wants collector to cease communication

| | | |
|---|---|---|
| § 1692d: | Any conduct that natural consequence of which is to harass, oppress or abuse any person |
| § 1692d(5): | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| § 1692e: | Any other false, deceptive or misleading representation or means in connection with the debt collection |
| § 1692e(2): | Character, amount, or legal status of the alleged debt |
| § 1692e(4): | Nonpayment of any debt will result in the seizure of property |
| § 1692e(5): | Threaten to take any action that cannot be legally taken or that is not intended to be taken |
| § 1692e(10): | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| § 1692f: | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in her favor and against Client Services, Inc., for the following:

a. Actual damages;

d. Statutory damages pursuant to 15 U.S.C. §1692k;

c. Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

  d. Such addition and further relief as may be appropriate or that the interests of justice require.

## V.  JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

               **Respectfully submitted,**

Date:  October 21, 2010    BY: */s/ Michael E. Swain*
               Michael E. Swain, Esquire
               BBO # 676513
               181 Main Street
               Blackstone, MA 01504
               Attorneys for Plaintiff